IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>LEZERICK JERMAINE FANE, )<br>)<br>)<br>    Defendant. )<br>) | No. 3:08-cr-30058 |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

In 2009, Defendant Lezerick Fane was sentenced to 220 months in prison for possessing and distributing crack cocaine. Mr. Fane has recently filed two letters with the Court.  One letter has been docketed as a Motion for Reconsideration (d/e 40) of the Court's October 5, 2015 order denying Mr. Fane's earlier motion for a sentence reduction.  The other letter has been docketed as a Motion for Copies (d/e 41).  For the reasons below, the motions (d/e 40) are DENIED.

## I.  The Motion for Reconsideration

In November 2014, Mr. Fane filed a motion asking the Court to reduce his sentence (d/e 35).  The motion asked for a sentence reduction under Amendment 782 to the United States Sentencing Guidelines Manual.  Amendment 782 retroactively reduced most drug quantity base offense levels by two levels, altering the sentencing guidelines range calculation for many criminal defendants and opening the door for their sentences to be reduced. Mr. Fane also filed a motion (d/e 36) asking the Court to appoint the Federal Public Defender's Office to represent him.

The Court appointed George Taseff of the Federal Public Defender's Office to represent Mr. Fane.  The Federal Public Defender subsequently filed a Motion to Withdraw as Counsel (d/e 37) on the ground that Mr. Fane was not eligible for a sentence reduction under Amendment 782 because Mr. Fane's sentencing guideline range was determined by the Career Offender guideline, not by the drug guidelines in U.S.S.G. § 2D1.1 that Amendment 782 lowered.

On August 5, 2015, the Court granted the Federal Public Defender's motion to withdraw.  The Court directed Mr. Fane, if he

so chose, to respond by September 5, 2015, either (a) conceding that Amendment 782 does not apply because Mr. Fane was found to be a Career Offender; or (b) explaining why Amendment 782 applies to Mr. Fane despite the fact that he was found to be a Career Offender. (See August 5, 2015 text order.) Mr. Fane did not file a response.

On September 28, 2015, the Court denied Mr. Fane's motion to reduce his sentence. (See September 28, 2015 text order.) The Court found that Mr. Fane was not eligible for a sentence reduction under Amendment 782 because his sentencing guideline range was determined by the Career Offender guideline, not by the drug guidelines in U.S.S.G. § 2D1.1 that Amendment 782 lowered.

On October 19, 2015, Mr. Fane filed a letter that has been docketed as a Motion for Reconsideration (d/e 40). In that letter, Mr. Fane again asks the Court to reduce his offense level by 2 levels. With that 2-level reduction, and with the same 15 % downward departure from the guideline range that he received at sentencing, Mr. Fane says that his sentence would fall from 220 months in prison to approximately 180 months in prison. With a 180-month sentence, Mr. Fane says, he would have a chance to see

at least one of his children graduate from high school and have a chance to see his grandmother again while she is still alive.

Mr. Fane explains that while in prison he has not been able to be a father figure to his 11-year old daughter and his 7-year-old son.  Mr. Fane says that he fears his daughter's mother is making poor decisions with respect to his daughter's upbringing.  Mr. Fane says that his son, meanwhile, has a great mother but that her husband has been a bad influence.  The husband, Mr. Fane says, is in prison again after having returned to drug-dealing following an earlier 7-year prison term, though the husband is scheduled to be released in 2016.  Mr. Fane says that after release the husband will again be around Mr. Fane's son, who is already "going down a completely negative path" on account of the husband's influence (d/e 40 at 2).

Mr. Fane reports that he has seen his son only once, but that he writes and calls his son whenever he can "with a conscious and positive [message] about education, safety, and respect" (d/e 40 at 2).  Mr. Fane argues that he is missing his children's entire childhood "for less than one ounce of crack cocaine," and that "taking fathers from their children for their entire childhood for a

small amount of drugs" is "not what this country is about" (d/e 40 at 2).

Mr. Fane confesses that when he committed his earlier crimes he was "young, foolish, uneducated, and a[n] alcoholic," but he says that he has taken responsibility for his actions (d/e 40 at 3). He argues that he is not the type of career offender contemplated by the Career Offender enhancement, that he and the Court "both know that the career offender guideline was not intended for individuals with my record," and that "congress[] and all the courts have stated that but somehow it's been misinterpreted and misused" (d/e 40 at 2).

Mr. Fane notes that his two prior felonies—the felonies that led to his career offender designation—were for: (1) possession of 0.3 grams of crack cocaine with intent to distribute, which Mr. Fane says was actually mere possession, with no intent to distribute; and (2) manufacture/delivery of less than a gram of cocaine, when Mr. Fane says that in fact he did not have any drugs in that instance, "just a scale and sandwich bags" (d/e 40 at 3).

Mr. Fane laments that he received a sentence of more than 18 years in prison "for less than 30 grams [of crack cocaine] and that's

including all my relevant conduct and my past convictions, and I cooperated from Day 1! I lost most of my 20's and all of my 30's …. I lost the love of my kids, my entire family, everything, for less than an ounce of crack cocaine." (d/e 40 at 3-4).

Mr. Fane notes that since receiving his G.E.D. he has completed over 30 classes, including a 40-hour drug treatment class and a 500-hour life challenge program. He reports that he has learned a variety of trades, that he has worked during his entire period of incarceration, and that he knows employers who are ready to hire him upon his release from prison. He reports that he now believes in the value of hard work and that his "morals and values" are "completely different" than they were before" (d/e 40 at 5). He asks the Court for a sentence reduction so that he can see his grandmother again, see at least one of his children graduate, and "change the lives not only of my children but … of other children in the community" (d/e 40 at 6).

The Court hears Mr. Fane's plea with a sympathetic ear. Too many of our nation's young men have spent decades in prison for non-violent drug offenses committed at a young age. In particular, as this Court has noted, the much-maligned sentencing disparity

between "powder" and "crack" cocaine offenses has caused a disproportionate impact on African-American defendants and "foster[ed] disrespect for and mistrust in the criminal justice system." See United States v. Purham, 795 F.3d 761, 763 (7th Cir. 2015) (quoting Myerscough, J. sentencing transcript).  Recently, Congress has taken action to address some of the more glaring sentencing disparities that our drug laws have created.  However, Congress's actions have not reached all defendants serving terms of incarceration for crack-related offenses.  Among those not reached are defendants, like Mr. Fane, who were sentenced as "career offenders."  See, e.g., United States v. Williams, No 04 CR 12, 2015 U.S. Dist. LEXIS 46289, *1 (N.D. Ill. Apr. 9, 2015) (denying, because defendant was sentenced as career offender, motion to modify term of imprisonment under Amendment 782).

Because Mr. Fane is not eligible for a sentence reduction under Amendment 782, the Court simply lacks authority to grant Mr. Fane a sentence reduction.  Although motions to reconsider criminal sentences were generally "accepted as a common-law practice," Congress "long ago abrogated this common-law practice in the sentencing context."  United States v. Townsend, 762 F.3d

641, 645 (7th Cir. 2014). Under 18 U.S.C. § 3582(c), the Court may not modify an imposed term of imprisonment except in three narrow circumstances:

- Subsection 3582(c)(1)(A) authorizes the Court to reduce a sentence when the Director of the Bureau of Prisons files a motion seeking that relief, if the Court finds that the defendant meets certain criteria;
- Subsection 3582(c)(1)(B) authorizes the Court to modify a sentence if "expressly permitted by statute" or by Federal Rule of Criminal Procedure 35 (which authorizes the Court to: (a) correct a sentence within 14 days to correct an arithmetical, technical, or other clear error; or (b) on the Government's motion, reduce a sentence in light of the defendant's substantial assistance in investigating or prosecuting another person); and
- Subsection 3582(c)(2) authorizes the Court to reduce a sentence if the defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission.

None of the circumstances contemplated by 18 U.S.C. § 3582(c) exists in Mr. Fane's case.  The Director of the Bureau of Prisons has not filed a motion; Mr. Fane's term of imprisonment was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and no other statute or Rule of Criminal Procedure authorizes a sentence reduction for Mr. Fane.

For the reasons above, the Court must deny Mr. Fane's Motion for Reconsideration (d/e 40).

## II.     The Motion for Copies

Mr. Fane also requests copies of 3 categories of documents: (1) his plea agreement; (2) the discovery from this case; and (3) the sentencing transcript from one of his earlier state court cases, specifically Case No. 2003-CR-247040 in Cook County, Illinois.

Mr. Fane's plea agreement is under seal.  The Court no longer authorizes defendants to receive copies of their sealed plea agreements.  For that reason, the Court denies Mr. Fane's request for a copy of his sealed plea agreement.

The Court also denies Mr. Fane's requests for the discovery shared between the Government and Mr. Fane's attorney and for the sentencing transcript from Mr. Fane's Cook County case,

because the Court either does not or cannot provide copies of such documents.

## III.  Conclusion

For the reasons above, Mr. Fane's Motion for Reconsideration (d/e 40) and Motion for Copies (d/e 41) are DENIED.

ENTERED:  April 6, 2016

FOR THE COURT:          s/ Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE