IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 08-cr-30058 |
| LEZERICK FANE, | ) ) ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

**I. BACKGROUND**

In 2009, Defendant Lezerick Fane was sentenced to 220 months in prison for possessing and distributing crack cocaine. Defendant has filed a Motion to Request an Extension to File 28 U.S.C. § 2255 Mathis Claim (d/e 53). Defendant asks for an extension of time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 based on Mathis v. United States, ––– U.S. ––––, 136 S.Ct. 2243 (2016). Defendant also requests a copy of the transcript from his sentencing hearing on May 11, 2009 (d/e 59) and a copy of his Commentary on Sentencing Factors (d/e 20) filed in advance of the sentencing hearing.

## II. ANALYSIS

### A. Defendant's Motion for extension of time to file his 2255 petition is denied because he cannot base his 2255 petition on Mathis v. United States.

Section 2255 of Title 28 of the United States Code allows a prisoner to challenge his sentence on the ground that his sentence was imposed in violation of the Constitution or the laws of the United States. A 2255 Petition is timely if it is filed within one year of the date on which the Supreme Court newly recognized the right asserted and the rule was made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

Defendant seeks an extension of time to file a 2255 Petition based on Mathis v. United States. In Mathis, the Supreme Court considered Iowa's burglary statute, which forbids entering "an occupied structure" without permission with the intent to commit a felony. Iowa Code § 713.1. The Supreme Court first explained that the statute is broader than "generic burglary," which is enumerated as a violent felony in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). See Mathis, 136 S.Ct. at 2250–51. The Court determined that the various locations of applicable structures listed in the Iowa statute are not alternative elements creating

separate crimes, but instead are simply alternative means of violating a single locational element. The statute is nondivisible. See id. at 2250–51, 2255–56. So, the Court concluded, the district court erred by finding that the conviction for Iowa burglary was a violent felony under ACCA by looking to charging papers and considering whether the defendant actually burglarized a building or dwelling.

Defendant seeks an extension of time to file a 2255 Petition based on Mathis. However, Mathis did not announce a new rule; it is a case of statutory interpretation. Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016). Therefore, Mathis does not provide a basis for a 2255 Petition. An independent claim based on Mathis must be brought, if at all, in a petition under 28 U.S.C. § 2241. Brown v. Caraway, 719 F.3d 583, 587 (7th Cir. 2013).

Because Mathis cannot provide a basis to file a 2255 Petition, Defendant's Motion for an Extension to File 28 U.S.C. § 2255 Mathis Claim (d/e 53) is DENIED.

**B. Defendant's request for a copy of his Sentencing Commentary is denied as contrary to the Court's policy regarding sealed documents.**

On April 2, 2018, the Clerk of the Court received $1.60 from Defendant for "copies." The Clerk of the Court mailed Defendant a copy of his brief in support of his request for a copy of the sentencing transcript (d/e 57). In his letter to the Clerk of the Court dated June 26, 2018, docketed as a Motion for Copies (d/e 58), Defendant explains that he intended the $1.60 to be for a copy of his Commentary on Sentencing Factors (d/e 20) filed in advance of his sentencing hearing. Pursuant to the Court's standing order on Implementation of Sentencing Guidelines and Local Rule 32.1(E), sentencing commentaries are filed under seal. The Court does not authorize defendants to receive copies of sealed documents. Therefore, Defendant's request for a copy of his Commentary on Sentencing Factors (d/e 58) is DENIED. The Clerk of the Court is directed to mail Defendant a refund of his $1.60.

**C. Defendant's request for a free copy of the sentencing hearing is denied.**

Finally, Defendant has filed a brief in support of his request for a copy of the transcript of the sentencing hearing held in this case on May 11, 2009. A person may receive a transcript at no cost if the transcript is needed to decide an issue in a non-frivolous

proceeding and if the Court determines that the person may proceed in forma pauperis. 28 U.S.C. § 753(f). Defendant has not established such a need. Defendant asserts that he requires the transcript to bring a § 2255 Petition for ineffective assistance of counsel at sentencing. The Petition will also assert that the district court committed several errors at sentencing, such as failure to comply with the requirements of 21 U.S.C. § 851, inadequate explanation of its reasoning for the sentence, and failure to address mitigating factors and Defendant's objections to the Presentence Investigation Report (PSR).

Any such § 2255 Petition would be untimely. Petitions under § 2255 are subject to a one-year statute of limitation. The one-year limitation period runs from the latest of:

1) The date on which the judgment of conviction becomes final;
2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant's proposed petition meets none of the timeliness provisions listed above. Defendant's Judgment was filed on May 19, 2009 (d/e 24), and no appeal was filed from it. Additionally, Defendant alleges no newly recognized right by the Supreme Court, no fact that could not have been discovered, and no government action that prevented his timely filing. As such, Defendant has not shown that he requires a free copy of his sentencing transcript to support a non-frivolous filing.

In Defendant's June 27, 2018 letter to the Clerk of the Court (d/e 59), docketed as a Motion for Status, Defendant seeks the status of his requests for the sentencing transcript and his

sentencing commentary. Because this order addresses both requests, the request for status (d/e 59) is DISMISSED AS MOOT.

### III.  CONCLUSION

1) Defendant's Motion for an Extension to File 28 U.S.C. § 2255 <u>Mathis</u> Claim (d/e 53) is DENIED.

2) Defendant's request for a copy of his Commentary on Sentencing Factors (d/e 58) is DENIED.  The Clerk of the Court is directed to refund Defendant $1.60 received from Defendant for copies on April 2, 2018.

3) Defendant's request for a free copy of his transcript is DENIED.  The Motion for Status (d/e 59) is DISMISSED AS MOOT.

**ENTERED: July 26, 2018**

**FOR THE COURT:**
     *s/ Sue E. Myerscough*
     SUE E. MYERSCOUGH
     UNITED STATES DISTRICT JUDGE